**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BISHAN SINGH, | No. 08-71229 |
| Petitioner, | Agency No. A075-310-023 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 15, 2012
San Francisco, California

Before: SCHROEDER and BEA, Circuit Judges, and RESTANI, Judge.[**]

Petitioner Bishan Singh ("Singh"), a native and citizen of India, seeks

review of two orders by the Board of Immigration Appeals ("BIA"). The first BIA

order affirmed the Immigration Judge's ("IJ") decision, which had found Singh

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jane A. Restani, Judge for the U.S. Court of
International Trade, sitting by designation.

was not credible, denied Singh's requests for relief from removal, and ordered Singh removed. The second BIA order denied Singh's motion to reopen removal proceedings based on ineffective assistance of counsel and changed country conditions. We dismiss the petition as to the Convention Against Torture claim and deny the remainder of the petition.[1]

Singh's submission of a membership card in the All-Indian Sikh Students Federation ("AISSF"), which appeared fraudulent, and the material contradictions between Singh's testimony and his asylum application concerning the purpose and general description of a rally and his treatment by the police constitute substantial evidence sufficient to supports the IJ's adverse credibility finding. See Zamanov v. Holder, 649 F.3d 969, 973–74 (9th Cir. 2011); Khadka v. Holder, 618 F.3d 996, 1001 (9th Cir. 2010).

The BIA did not abuse its discretion in denying Singh's motion to reopen based on ineffective assistance of counsel before the IJ and BIA because Singh failed to demonstrate that his attorney's conduct rendered the proceedings fundamentally unfair or resulted in prejudice. Mohammed v. Gonzales, 400 F.3d

---

[1] Singh raises for the first time on appeal a request for relief under the Convention Against Torture ("CAT"). Singh did not request this form of relief before the IJ and Singh failed to present a substantive argument on this issue before the BIA. Thus, Singh has not exhausted his administrative remedies and we do not have jurisdiction to consider this claim.

2

785, 793–94 (9th Cir. 2005). Assuming Singh's motion to reopen was timely, Singh failed to establish that his attorney's conduct may have altered the outcome of the proceedings because Singh's credibility would have been compromised regardless, given Singh's presentation of the likely fraudulent membership card.

The BIA also did not abuse its discretion in denying Singh's motion to reopen based on changed country conditions. Singh's proffered information purporting to establish his membership in the AISSF was previously available and thus, cannot support his motion to reopen. See 8 U.S.C. § 1229a(c)(7)(C)(ii). Singh failed to present new evidence linking his fear of future persecution to a protected group and, therefore, has failed to establish prima facie eligibility for relief from removal. See Toufighi v. Mukasey, 538 F.3d 988, 996–97 (9th Cir. 2008). Moreover, Singh failed to present any evidence that could upset his adverse credibility finding or demonstrate a material change in the treatment of Sikhs in India.

**PETITION DISMISSED in part and DENIED in part.**